UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LIFESPAN CORPORATION,
    Plaintiff

v.     C.A. No. 12-300-M

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PA., et al
    Defendants

ORDER

The Court has today entered a Judgment in the above-captioned cause, reflecting its Memorandum and Order dated November 17, 2014 (ECF 47). The Judgment rejects the Proposed Form of Judgment submitted jointly by the defendants (ECF 51-1) and accepts the Proposed Form of Judgment submitted by the plaintiff (ECF 49-1). In so doing, the Court has determined that pursuant to R.I.G.L. §9-21-10 pre-judgment interest is due from October 3, 2011, the date the cause of action accrued against both defendants.

This case began on April 23, 2012, when Lifespan Corporation sued its underlying Insurer, National Union Fire Insurance Company of Pittsburgh, PA., as well as its excess liability insurer, RLI Insurance Company, in connection with a judgment entered against Lifespan on or about August 31, 2011. Both insurers declined coverage. On October 3, 2011, Lifespan paid a judgment of Twenty Nine Million, Six Hundred Seven Thousand, Nine Hundred Fifty-Nine

Dollars and Fifty-Seven Cents ($29,607,959.57). Lifespan then initiated this lawsuit, contending that it was owed compensation for most of what it had paid, pursuant to a $15 Million Director & Officer policy with National Union and a $10 Million excess liability policy with RLI.

This Court granted declaratory relief and summary judgment to Lifespan on its breach of contract claims. Since that time, Lifespan and RLI have been debating whether and/how much pre-judgment interest is owed by the defendants.[1]

The purpose of pre-judgment interest is two-fold: "to encourage early settlement of a claim with a tortfeasor in a manner that enables the injured party "to be made whole, or as near thereto as possible without providing him or her with a windfall or any excess recovery." *Metropolitan Property and Cas. Inc. Co. v. Barry*, 892 A.2d 915, 920 (R.I. 2006), quoting *Merrill v. Trenn*, 705 A.2d 1305, 1311 (R.I. 1998). Lifespan paid the entire judgment against it on October 3, 2011. Not only was Lifespan deprived from that point forward of the use of the money that should have been paid it by the two insurers, the insurers would gain a windfall if they retained the correlate gain from use of their withheld funds.

The Court finds that Rhode Island law is clear in its mandate that pre-judgment interest is owed from the date the cause of action accrued. In this matter, the cause of action accrued against both insurers when Lifespan, in the face of what this Court has found was the insurers' wrongful refusal of coverage, paid an amount in excess of the underlying policy (in fact, it was greater than that of the combined policies). It was at that point that Lifespan became entitled to the insurance coverage for which it had contracted, including from its excess carrier, RLI.[2]

---

[1] National Union has declared it does not object to Lifespan's claim for pre-judgment interest from October 3, 2011. (ECF 50).

[2] The Court is not persuaded by RLI's argument that the contractual language discounts its liability for pre-judgment interest based upon the fact that National Union has paid thus far only

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

May 5, 2015

---

$764,145.36 in defense costs. RLI contends that the policy's Limit Reduction Clause allows it to take the percentage of policy coverage that National has actually paid (5.09%) and use it to conclude that RLI is liable only for $509,000 of its policy amount (5.09% of $10 Million) and thus pre-judgment interest of 12% per year only on $509,000 ($214,027.86 in pre-judgment interest). RLI asserts that "the maximum limit of coverage that can be deemed to have been attached or triggered under RLI's Excess Policy is $509,000." (ECF 51 at p. 7 (suggesting at n. 3 that if and when National Union pays an additional amount, RLI's coverage – and the amount of pre-judgment interest – would be recomputed.). This position entirely ignores the fact that this Court found previously that the entire $10M of coverage attached and is owed.